IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>DRYDEN ADVISORY GROUP, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-00545 (MDF) |
| DRYDEN ADVISORY GROUP, LLC,<br><br>Movant,<br><br>v.<br><br>BENEFICIAL MUTUAL SAVINGS BANK, CITIBANK, N.A., and DURHAM COMMERCIAL CAPITAL CORP.,<br><br>Respondents. | |

**RESPONSE OF BENEFICIAL BANK,
TO MOTION OF DURHAM COMMERCIAL CAPITAL CORP.
FOR RECONSIDERATION OF ORDER DATED FEBRUARY 25, 2015**

Beneficial Bank, formerly known as Beneficial Mutual Savings Bank (the "Bank") responds to the Motion of Durham Commercial Capital Corp. ("Durham") for Reconsideration of the Order of this Court dated February 25, 2015 (the "Motion") as follows:

1. The Bank is a pre-petition secured creditor of the Dryden Advisory Group, LLC (the "Debtor") with claims exceeding $2,600,000.00. The Bank's pre-petition security interest in the Debtor's assets include, inter alia, the Debtor's Accounts. Attached hereto as **Exhibit "A"** are true and correct copies of the Loan and Security Agreement between the Bank and the Debtor dated July 25,

2011 and one of several filed UCC-1 financing statements duly filed by the Bank with the Secretary of the Commonwealth of Pennsylvania on August 8, 2011 at File Number 2011080903663.

2. On or about July 6, 2012, the Debtor and Durham executed the Non-Recourse Purchase Contract and Security Agreement (the "1st Durham Contract") attached to the Motion as Exhibit B.

3. Thereafter, Durham corresponded with the Bank through its duly authorized agent, Innovative Financing Solutions ("IFS"), and transmitted a copy of the 1st Durham Contract. IFS then transmitted the 1st Durham Contract to the Bank. A series of e-mails relating thereto (July 12, 2012, 9:56 a.m. – July 12, 2012, 12:06 p.m.) are attached hereto as **Exhibit "B"**. Of particular note are the e-mails from Tim Myra of Durham which states "…this contract states that we [Durham] will take a security interest in the collateral, NOT a first security interest" and the e-mail from Scott DiBerardinis of Durham which states "…We understand that we [Durham] will be in third position behind the SBA[1] and Beneficial."

4. The Bank advised the Debtor that it would review the 1st Durham Contract.

5. On or about July 17, 2012, IFS, on behalf of the Bank, advised Durham and the Debtor that changes were required by the Bank to the 1st Durham Contract. True and correct copies of correspondence from IFS to Durham regarding the Bank's requirement are attached hereto as **Exhibit "C"**.

---

[1] The loans made by the Bank to the Debtor are guaranteed by the United States Small Business Administration ("SBA")

6. Thereafter, on or about July 20, 2012, Mr. DiBerardinis of Durham forwarded a revised contract (the "2nd Durham Contract") to, among others, IFS. A true and correct copy of Mr. DiBerardinis' e-mail and the attachment are attached hereto as **Exhibit "D"**.

7. Of note, the 2nd Durham Contract contains a revised Section 4.3 which provides as follows:

> "4.3 Notwithstanding anything to the contrary contained herein, Durham hereby acknowledges and agrees that the Collateral is subject to the Senior Lien in favor of Beneficial Bank, further Durham shall not exercise any rights and remedies against such Collateral, unless all obligations outstanding to Beneficial Bank are paid in full and satisfied and the Senior Lien has been terminated. For the purposes of this Agreement, Purchased Accounts shall not be deemed to be Collateral, unless repurchased by Client pursuant to the terms of this Agreement."

8. On July 23, 2012, Durham executed a copy of the 2nd Durham Contract consistent with the e-mail from Mr. DiBerardinis to Mr. Puyear of IFS, a true and correct copy of which is attached hereto as **Exhibit "E"**.[2]

9. Thereafter, consistent with the 2nd Durham Contract, and at the request of Durham and Debtor, the Bank filed, or authorized the filing of, a UCC-3 statement, releasing from its lien, two (2) specific Accounts, more fully described therein, which Durham acquired pursuant to the 2nd Durham Contract. A true and correct copy of the UCC-3 and the documentation required by the 2nd Durham Contract is attached hereto as **Exhibit "F"**.

---

[2] The Bank is in the process of obtaining a copy of the 2nd Durham Contract with Durham's signature.

10. At no time thereafter, did the Bank terminate its lien on any Accounts.

11. The Debtor is in default with the Bank.

12. Durham has, in direct breach of the 2nd Durham Contract, and as set forth in the Motion, "sent out notices of assignment to all accounts which it purchased requiring them to make payment to Durham (the "Motion", paragraph 2). Upon information from the Debtor, Durham also sent notices of assignment to account debtors which it had not purchased.

13. The obligations of the Debtor to the Bank have not been "paid and satisfied" and the lien of the Bank has not been "terminated". (2nd Durham Contract, paragraph 4.3)

14. The Motion alleges that Durham has purchased approximately "$389,000.00 of accounts" (the Motion, paragraph 1). The 2nd Durham Contract provides that, at any time, "…the full amount of advances made by Durham to Client to purchase accounts shall not exceed $350,000.00" (2nd Durham Contract, paragraph 2.9).

*[Remainder of page left intentionally blank]*

WHEREFORE, Beneficial Bank respectfully requests that the Emergency Motion for Reconsideration of this Court's Order dated February 25, 2015 and Expedited Hearing thereon be denied, that this Court require Durham to account for all collections from account debtors of the Debtor since the inception of the 2nd Durham Contract, and granting such other relief as may be just and proper.

Respectfully submitted,

BALLARD SPAHR LLP

Dated: March 2, 2015

By: _____/s Rosetta B. Packer_____
Martin C. Bryce, Jr., Esquire
Rosetta B. Packer, Esquire
Christine L. Barba, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8739
(215) 864-8999 (fax)
bryce@ballardspahr.com
packer@ballardspahr.com
barbac@ballardspahr.com