UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| DRYDEN ADVISORY GROUP, LLC | * | |
|    Debtor-in-Possession | * | |
| | * | CASE NO. 1:15-bk-00545MDF |
| DRYDEN ADVISORY GROUP, LLC, | * | |
|    Movant | * | |
| | * | |
| v. | * | |
| | * | |
| BENEFICIAL MUTUAL SAVINGS BANK, | * | |
| CITIBANK, N.A. and DURHAM | * | |
| COMMERCIAL CAPITAL CORP., | * | |
|    Respondents | * | |

## OPINION

Before the Court is the "Motion for an Order to Correct Record" ("Motion to Correct") filed by Dryden Advisory Group, LLC ("Debtor") following a hearing on Debtor's motion to use cash collateral. Several creditors, including Durham Commercial Capital Corp. ("Durham"), objected to Debtor's use of cash collateral. Durham filed an objection to Debtor's Motion to Correct citing Debtor's failure to cite authority for altering a witness's testimony after the record was closed. For the reasons set forth below, the Motion to Correct will be denied with leave to file a motion to reopen the record.

### I. BACKGROUND

Debtor filed a motion for interim use of cash collateral on February 20, 2015 ("Cash Collateral Motion"). Durham argued that some of the accounts receivable in which both Citibank, N.A. ("Citibank") and Beneficial Mutual Savings Bank ("Beneficial") claimed a security interest were sold by Debtor to Durham under a factoring agreement. A hearing on the Cash Collateral Motion was held on April 28, 2015 and May 7, 2015. At the May 7 hearing,

Michael T. Eismann ("Eismann"), Debtor's vice president, testified on behalf of Debtor on a variety of topics related to Debtor's operations and its dealings with its creditors. During his testimony, Eismann stated that Debtor did not receive payment from Susquehanna Bank on a certain invoice that Durham asserted was subject to the factoring agreement. Durham sought to elicit an admission from Eismann that the Susquehanna Bank invoice had been received by Debtor, but Eismann steadfastly denied that payment had been received.

The record was closed on May 7, 2015, and a briefing schedule was issued by the Court. On May 11, Debtor filed the Motion to Correct and attached an affidavit in which Eismann admits that Debtor did, in fact, receive payment of the account receivable from Susquehanna Bank. In the affidavit Eismann states that his prior testimony was incorrect and, as Durham had asserted, that Debtor received payment directly on one of the accounts factored to Durham. Although Durham tried to elicit this admission at trial, it objected to the Motion to Correct arguing that there is no procedure to correct the record after it has been closed.

## II. DISCUSSION

There is no specific authority to "correct" the testimony of a witness after trial through the submission of an affidavit. More broadly, however, a trial court may grant a motion to reopen the record for the submission of additional evidence after trial. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331(1971); *Rochez Brothers v. Rhoades,* 527 F.2d 891, 894 n. 6 (3d Cir.1975). In deciding whether to reopen the record, a court should consider: "1) the timing of the motion and the moving party's explanation for failing to introduce the evidence earlier, 2) whether the evidence sought to be introduced is especially important or probative and 3) whether reopening will cause undue prejudice to the nonmoving party." 6A James Wm. Moore et al.,

2

*Moore's Federal Practice,* § 59.04[13] (2d ed. 1995) *cited in Joy Technologies, Inc. v. Flakt, Inc.*, 901 F. Supp. 180, 181 (D. Del. 1995). If the "'new' evidence is insufficiently probative to offset the procedural disruption caused by the opening," a trial court is within its discretion to refuse to reopen the record. *Rivera–Flores v. Puerto Rico Telephone Company,* 64 F.3d 742, 746 (1st Cir.1995) (citing *Thomas v. SS Santa Mercedes,* 572 F.2d 1331, 1336 (9th Cir.1978)) (affirming denial of motion to reopen where "new" evidence had minimal impact on the disposition of the case).

In the within case, Debtor has demonstrated that Eismann failed to prepare adequately to testify at the hearing in this matter and is seeking to correct testimony that he later determined was false. I find it would be inappropriate for Debtor to be permitted to simply submit an affidavit to change earlier testimony without some showing that Debtor's receipt of the Susquehanna invoice is especially important or probative to the issues to be decided in this matter. Further, if Durham wishes to contest reopening of the record, it should be afforded an opportunity to show why it will suffer undue prejudice if Eismann is permitted to admit to a fact that Durham sought to establish at trial.

### III. CONCLUSION

It would be inappropriate for the Court to permit Debtor to file an affidavit correcting testimony presented at trial without a showing that it meets the standards set forth in *Zenith Radio*. Accordingly, Debtor's Motion to Correct will be denied with leave granted to Debtor to file a motion to reopen the record within fourteen (14) days from the date of the order

3

accompanying this opinion. If a motion to reopen is filed, Dryden will have seven (7) days thereafter to file an objection. An appropriate order follows.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: June 15, 2015